UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

R.S. RAGHAVENDRA,

For Online Publication Only

**ORDER**

                                        Plaintiff,          16-CV-4118 (JMA) (SIL)


              -against-


DONNA P. FENN, THE TRUSTEES OF COLUMBIA
UNIVERSITY, LOUIS D. STOBER, JR., LAW OFFICES
OF LOUIS D. STOBER, JR., EDWARD A. BRILL, GREG
MASHBERG, PROSKAUER ROSE, LLP,


                                        Defendants.

-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

In an order dated September 30, 2018, the Court *sua sponte* dismissed this action with prejudice. Plaintiff then filed a motion for reconsideration along with various other applications for relief.

The Court finds no basis to reconsider its earlier order that dismissed this action with prejudice. In multiple orders, including orders issued on October 20, 2017 and December 1, 2017, Judge Crotty ordered Plaintiff to withdraw this action. Again, Plaintiff's attempts to overturn Judge Crotty's orders on appeal have all been unsuccessful.

In the papers submitted in support of his reconsideration motion, Plaintiff argues that the Court should reconsider its dismissal because, according to Plaintiff, Judge Crotty lacked jurisdiction to order him to withdraw this case. This argument is meritless. As Judge Crotty explained in his December 1, 2017 Order, he was authorized by 28 U.S.C. § 1651 to issue his rulings that ordered Plaintiff, a vexatious litigant who repeatedly violated Judge Crotty's orders, to withdraw the action filed with this Court.

Plaintiff also contends that orders issued by the Second Circuit show that Plaintiff is authorized to prosecute this action and that, as such, the Court's dismissal of this action was

erroneous.  This argument is also meritless.  The Second Circuit decisions cited by Plaintiff say nothing of the sort.  The Second Circuit's May 17, 2018 Order that denied Plaintiff's mandamus petition merely states that "Plaintiff has not demonstrated that he lacks an adequate, alternative means of obtaining relief."  The Second Circuit's order says nothing about the instant suit.  Plaintiff also cites an order issued by the Second Circuit on June 26, 2018, which simply denied, without any discussion, Plaintiff's motion for reconsideration.  That order is clearly not to helpful to Plaintiff here.

The Court has also considered all of Plaintiffs' remaining arguments and other submissions and finds them to be meritless.  Accordingly, the Court denies all of Plaintiffs' pending applications.  (See ECF Nos. 54, 56, 58, 59, 62, 68, 70, 72, 78, 82, and 86.)

Additionally, defendants have moved to strike Plaintiff's filings.  (See ECF Nos. 60, 61, 64, 66, 69, 74, 75, 77, 81, 83, 85, 87.)  These requests are granted and the Clerk of Court is directed to limit access, for all of Plaintiff's filings, to the parties.[1]  The Court will address, in a separate order, defendants' requests for sanctions and a filing injunction as well as the other pending case filed by Plaintiff, Raghavendra v. Crotty, 19-CV-00053 (JMA) (SIL).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:  September 30, 2018
Central Islip, New York

/s/  (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court is granting defendants' motions to strike, the Court has nevertheless, in an abundance of caution, still reviewed and considered all of Plaintiffs' submissions, none of which have any merit.